United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50180
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANTHONY CHALLENGER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CR-192-ALL-H
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Charles Anthony Challenger appeals his sentence following his guilty-plea conviction on six counts of wire fraud. See 18 U.S.C. § 1343. Challenger argues that the district court erred in enhancing his base offense level by two after finding that some of his victims were "vulnerable victims" for purposes of U.S.S.G. § 3A1.1(b)(1). The Sentencing Guidelines provide for a two-level increase in the base offense level "[i]f the defendant knew or should have known that a victim of the offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). "We review the district court's interpretation of the guidelines de novo; we review a finding of unusual vulnerability for clear error and to determine whether the district court's conclusion was plausible in light of the record as a whole." United States v. Robinson, 119 F.3d 1205, 1218 (5th Cir. 1997) (internal quotation marks and citations omitted).

The district court's determination that Challenger knew or should have known that some of his victims were vulnerable victims was "plausible in light of the record as a whole." Id. (internal quotation marks and citations omitted). It was not clear error for the district court to enhance Challenger's sentence under U.S.S.G. § 3A1.1(b)(1). See United States v. Scurlock, 52 F.3d 531, 541-42 (5th Cir. 1995); see also United States v. Brown, 7 F.3d 1155, 1160-61 (5th Cir. 1993).

Accordingly, Challenger's sentence is AFFIRMED.